422 A.2d 1385

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles R. HILL, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Dec. 5, 1980.

John Woodcock, Hollidaysburg, for appellant.

Donald E. Speice, Assistant District Attorney, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal from an order of the Court of Common Pleas of Blair County, denying a Petition for a Writ of Habeas Corpus. The Petitioner–Appellant contends that a delay in his sentencing has violated his rights to a speedy trial.

The record shows that the Appellant was tried in the Court of Common Pleas of Blair County on August 23rd and 24th, 1977, on charges of Robbery, Crimes Committed with a Firearm, Former Convict Not to Own a Firearm, and Firearms Not to be Carried Without a License. A jury returned a verdict of guilty on all charges. Within several days thereafter, the Appellant filed a Motion for a New Trial and/or Arrest of Judgment, and requested a copy of the

trial transcript. Arguments on the Motion were originally set for December 15, 1977, but were continued and rescheduled for June 8, 1978. It is not disputed that such continuance and rescheduling were requested by the Appellant's counsel, apparently because more time was desired to review the trial transcript, which was filed in early December, 1977. Appellant's brief in support of his post–trial motions was apparently filed on December 14, 1977. The argument scheduled for June 8, 1978 was also postponed as a result of the request of Appellant's counsel, who was apparently unavailable on that date.

On July 25, 1978 Appellant filed a Petition for Writ of Habeas Corpus, claiming that his post–trial motions had not been considered in a timely manner. Specifically, in his Petition, he cited the following sentence from Subsection (a) of Rule of Criminal Procedure 1123: "Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued." He also argued that the delay which had occurred was in excess of the 180 day period provided in Rule of Criminal Procedure 1100 and was unconscionable.

Hearings were held in the lower court on the Petition for Writ of Habeas Corpus on September 20, 1978 and May 2, 1979. It was established that the Petitioner–Appellant was then still incarcerated, and that prisoners in Blair County who were not sentenced enjoyed less privileges and opportunities, such as access to a work–release program, than are available to those prisoners who have been sentenced. During the course of the proceedings before the lower court, defense counsel specifically requested that further proceedings on the post–trial motions be deferred until the final disposition of the Petition for Writ of Habeas Corpus. Further, defense counsel advised the court that the legal issue involved, and the basis for Petitioner's claims, was the section of Rule 1123 quoted above.

In the instant appeal to our Court, the Appellant raises numerous contentions to support the argument that

because of the passage of time involved in the consideration of his post–trial motions, his sentencing has been unduly delayed, and he has been prejudiced to the extent that a discharge is appropriate. We cannot agree. The record shows clearly that all delays in the consideration of his post–trial motions, and hence, his sentencing (if no merit is found in such motions), has been because of continuances requested by the defense.

The verdict was rendered by the jury on August 24, 1977. The Appellant's timely–filed Motion for New Trial and/or Arrest of Judgment specifically reserved the right to submit additional reasons upon receipt of a transcript of the testimony. Although the transcript was available prior to the scheduled December 15, 1977 argument on the post–trial motions, defense counsel asked for a continuance for further time to study the transcript. No objection has been raised at any time to the delay inherent in the rescheduling of the argument for June 8, 1978. Again, the reason for the continuance of the argument in June, 1978 was a defense request, apparently because of other obligations of defense counsel. Before the matter could be heard, the Petition for Writ of Habeas Corpus was filed. The defense requested that there be no further consideration of post–trial motions until the final disposition of that Petition. The final disposition has not yet occurred, since the denial of the Petition is presently on appeal before our Court.

The Appellant, in his brief and in argument to our Court, has raised several theories for relief. He cites the provisions of Rule 1100 of the Rules of Criminal Procedure and argues that he was entitled to prompt sentencing, and that any request for continuance could only result in a 30 day delay being "counted" against him. Of course, Rule 1100 only applies to the time period permitted for the *commencement of trial,* and has no relevance to sentencing. Appellant also argues that Rule of Criminal Procedure 1122 applies, and requires that he be granted a discharge in this case. That Rule merely requires that a decision on post–trial motions be made within 30 days *after argument.* No argument has

been held in this case simply because of delays requested by the defense. Thus, no decision thereon has ever been due and Rule 1122 has not been violated. The Appellant also repeatedly notes that no Commonwealth brief was filed with respect to the post–trial motions prior to the filing of the Petition for Writ of Habeas Corpus. However, there is no evidence that proceedings were delayed in any way as a result of the lack of such a brief. There is no requirement that the Commonwealth file such a brief unless ordered to do so by the Court, nor is there any rule providing for any delay in post–trial proceedings as a result of the Commonwealth's timing in filing or not filing such a brief.

The Appellant cites several decisions and constitutional provisions to support his contention that a criminal defendant is entitled to be sentenced within a reasonable time. While it is clear that post–trial motions must be disposed of prior to sentencing [*Commonwealth v. Middleton*, 242 Pa.Super. 421, 364 A.2d 342 (1976)], we have recognized that prejudice can occur in cases where there are extreme delays in sentencing. See *Commonwealth v. Stewart*, 221 Pa.Super. 1, 289 A.2d 126 (1972) (eleven year delay after guilty plea); *Commonwealth v. Bennett*, 212 Pa.Super. 393, 243 A.2d 128 (1968) (where the defendant had not yet been sentenced four years after he was found guilty, and his sentence had been suspended indefinitely by order of court). Thus, we recognize that it is possible to have a discharge of a convicted defendant as a result of a prolonged and prejudicial delay in sentencing. However, that recognition does not convince us that there is any basis for relief to be granted to the Appellant in the instant case, where all delays have stemmed from defense requests for continuances, and a defense request that no further action be taken on the post–trial motions until the final disposition of the Petition for Writ of Habeas Corpus. Thus, the Appellant has himself caused all delays in sentencing.

The order of the lower court, denying habeas corpus relief, is affirmed.