434 A.2d 179
**COMMONWEALTH of Pennsylvania,**

v.

**Kevin WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 28, 1981.

Ronold J. Karasek, Bangor, for appellant.

Michael Vedomsky, Assistant District Attorney, Easton, did not file a brief on behalf of Commonwealth, appellee.

Before WICKERSHAM, BROSKY and ROBERTS, JJ.*

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania is sitting by designation.

WICKERSHAM, Judge:

On March 12, 1979, appellant, Kevin Williams, was found guilty by a district magistrate court of failing to stop for a steady red signal in violation of 75 Pa.C.S. § 3112(a)(3)(i). The district magistrate court imposed a fine in the amount of twenty-five dollars ($25.00) plus costs. Appellant appealed the case to the Court of Common Pleas of Northampton County, where, on May 14, 1979, this case was heard de novo.[1]

The testimony at the trial de novo established that on February 6, 1979, at approximately 8:40 a.m., Richard Lutack was driving his car through an intersection in Easton, Pennsylvania, when it was hit by a car driven by appellant. The intersection had a traffic-control signal, and there was conflicting testimony as to whether Mr. Lutack or appellant had a green light at the time of the accident. At the end of the trial, the lower court found appellant guilty of the summary offense and imposed the mandatory fine of twenty-five dollars ($25.00) plus costs.[2] This appeal followed.

Appellant raises several issues on appeal, but we are unable to consider these issues for the following reasons. There is no indication in the record that appellant made any post-verdict motions in accordance with Pa.R.Crim.P. 1123. *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981). Appellant does not allege on appeal that his waiver was unintelligent or involuntary or that the trial court failed to comply with Pa.R.Crim.P. 1123(c) (duty of trial court to advise defendant, after verdict, of right to file post-verdict motions and consequences of failure to so file).

As we stated in *Commonwealth v. Koch, supra,* there has been a divergence of opinion in this court as to whether we should conduct a *sua sponte* review of the record for the purpose of determining whether the lower court has complied with Rule 1123(c).

Several cases have held that the absence of a specific allegation by appellant that his waiver was unintelligent

1. *See* Pa.R.Crim.P. 67.

2. *See* 75 Pa.C.S. § 6502(a) and (b).

or involuntary precludes as independent review of the record. *Commonwealth v. Tegano,* 265 Pa.Super. 453, 402 A.2d 526 (1979); *Commonwealth v. Smith,* 258 Pa.Super. 148, 392 A.2d 727 (1978); *Commonwealth v. Harmon,* [267] Pa.Super. [224], 406 A.2d 775 (1979). However, another line of decisions mitigates the harshness of the automatic waiver rule by reasoning that if the record is devoid of an 1123 colloquy by the lower court then appellant cannot be found to have knowingly waived his rights thereunder. *Commonwealth v. Johnson,* 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Steffish,* 243 Pa.Super. 309, 365 A.2d 865 (1976).

*Id.,* 288 Pa.Super. 290, 431 A.2d 1052.[3]

In the instant case, we have engaged in a *sua sponte* review of the record, because this court recognized in *Koch* that there has been confusion among the members of the practicing bar and the judiciary concerning the applicability of Rule 1123 to summary convictions.

[H]eretofore, no explicit statement was contained within the rules themselves. In fact this ambiguity was recently rectified by a revision to the comments to Rule 1123 enacted April 24, 1981.... The necessity of this revision bespeaks the confusion which existed in the minds of the members of the practicing bar as well as the judiciary. As exemplified by the instant case, many judges who regularly preside over de novo proceedings in summary conviction cases, render verdict and sentence at the same time thereby failing to advise the defendant of his 1123 rights.

*Id.,* 288 Pa.Super. at 290, 431 A.2d 1052. (footnote omitted).

The record in this case does not indicate that the lower court informed appellant of his right to file post-verdict

**3.** In *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981), we determined that it was evident that neither counsel nor the lower court in that case were aware of the relevancy of Pa.R. Crim.P. 1123 to the summary conviction and, therefore, it would be unconscionable to find a waiver of post-verdict motions. *Id.,* 288 Pa.Super. at 290, 431 A.2d 1052.

motions, of the time within which he must file such motions, of the consequences of his failure to do so, and of his right to counsel in the filing of those motions and on appeal as required by Rule 1123(c). The lower court's only actions were to find appellant guilty and to thereupon impose sentence. If trial counsel had understood the necessity of filing post-verdict motions, there was no opportunity to do so in the instant case.[4] Under these circumstances, we conclude that appellant did not knowingly and intelligently waive his right to file post-verdict motions, and it is, therefore, necessary to remand this case to the court below for the filing of post-verdict motions *nunc pro tunc. Commonwealth v. Koch, supra; Commonwealth v. Edwards*, 268 Pa.Super. 202, 407 A.2d 1316 (1979).

Judgment of sentence vacated and the cause remanded for proceedings consonant with this opinion.

---

4. Post-verdict motions must be decided before sentencing. *Commonwealth v. Hill*, 282 Pa.Super. 462, 466, 422 A.2d 1385, 1387 (1980); *Commonwealth v. Middleton*, 242 Pa.Super. 421, 364 A.2d 342 (1976).