440 A.2d 1222

**COMMONWEALTH of Pennsylvania,**

v.

**Michael FORTUNER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 4, 1981.

Filed Jan. 29, 1982.

60

William J. Purcell, Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

BROSKY, Judge:

Appellant was found guilty by a justice of the peace of operating a junkyard without a permit, in violation of a city ordinance. The court below affirmed his conviction. This appeal followed.

We are unable to reach the merits of this appeal. A review of the record reveals that appellant did not file post-verdict motions in accordance with Pa.R.Crim.P. 1123. In *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981), we held that Rule 1123 is applicable to summary cases, such as the case at bar. However, due to the confusion surrounding the applicability of Rule 1123 to summary cases, to which *Koch*, supra, is addressed, we find it appropriate to engage in a *sua sponte* review of the record here,

to determine whether the court below advised appellant of the need to file post-verdict motions. *Commonwealth v. Williams*, 290 Pa.Super. 158, 434 A.2d 179 (1981). As we stated in *Williams*:

> The record in this case does not indicate that the lower court informed appellant of his right to file post-verdict motions, of the time within which he must file such motions, of the consequences of his failure to do so, and of his right to counsel in the filing of those motions and on appeal as required by Rule 1123(c).

Id., 290 Pa.Super. at 161–62, 434 A.2d at 180.

Similarly, in the instant case, the lower court failed to so advise appellant. Under these circumstances, we hold, as we did in *Williams*, that appellant did not knowingly and intelligently waive his right to file post-verdict motions, and that accordingly, we must remand to the court below for the filing of post-verdict motions *nunc pro tunc*. *Commonwealth v. Williams*, supra, *Commonwealth v. Koch*, supra.

Order vacated and the cause remanded for proceedings consistent with this opinion.