445 A.2d 109

**COMMONWEALTH of Pennsylvania**

v.

**Nicholas CASCARIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed April 23, 1982.

Ronold J. Karasek, Bangor, for appellant.

Donald Corriere, District Attorney, Bangor, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

CERCONE, President Judge:

Appellant, Nicholas Cascario, takes this appeal from his conviction by the Court of Common Pleas for the summary offense of speeding.[1]  Appellant raises several issues on appeal, however, we are unable to reach the merits of this case because there is no indication in the record that appellant filed post-verdict motions in accordance with Pa.R.

---

1. Appellant was initially tried and convicted by a magistrate, but appellant appealed to the Court of Common Pleas and received a trial *de novo*.  However, appellant was again convicted after his trial *de novo*.

Crim.P. 1123. *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). However, neither does the record indicate that the court advised appellant, after verdict, of his right to file post-verdict motions and the consequences of failure to so file. *See* Pa.R.Crim.P. 1123(c). Our *sua sponte* review of the record in the instant case for purposes of determining whether the lower court complied with Rule 1123(c) is in keeping with our recent decision in *Commonwealth v. Williams*, 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981). *See also Commonwealth v. Picker*, 293 Pa.Superior Ct. 381, 439 A.2d 162 (1981), *Commonwealth v. Johnston*, 292 Pa.Superior Ct. 224, 437 A.2d 16 (1981), *Commonwealth v. Koch, supra*. Based upon the authority of *Williams* and *Koch*, we accordingly conclude that appellant did not knowingly and intelligently waive his right to file post-verdict motions and we therefore vacate judgment of sentence and remand this case to the lower court for the filing of post-verdict motions *nunc pro tunc.*

Judgment of sentence vacated and case remanded for the filing of post-verdict motions *nunc pro tunc.*