554 A.2d 127

**COMMONWEALTH of Pennsylvania**

v.

**Danny William BRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 29, 1988.

Filed Feb. 22, 1989.

James A. Sposito, Scranton, for appellant.

Jeffrey Bruce Snyder, District Attorney, Montrose, for Com., appellee.

Before OLSZEWSKI, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant, Danny William Bradley, appeals from judgment of sentence entered on January 14, 1988. For the reasons which follow, we vacate the judgment of sentence

and remand the matter back to the trial court for the filing of post-verdict motions *nunc pro tunc.*

On June 23, 1987, appellant was cited for driving an unregistered vehicle in violation of Section 1301(a) of the Pennsylvania Motor Vehicle Code. 75 Pa.C.S.A. § 1301(a). Appellant was initially found guilty by District Justice Barbara Obelenus and ordered to pay a fine. He appealed the summary conviction to the court of common pleas which held a *de novo* trial on the charge. Appellant was again found guilty and ordered to pay a fine in the amount of $1,890.00 by order of the trial court dated January 14, 1988.

Appellant appealed the judgment of sentence directly, without filing post-verdict motions, and now challenges the judgment of sentence on the following ground:

> Whether the lower court abused its discretion by finding the appellant Danny William Bradley guilty of criminal charges by determining that he was not exempt from registering his vehicle in the Commonwealth of Pennsylvania.

(Appellant's Brief at 3). Rather than reach the merits of this appeal, we vacate the judgment of sentence because of the trial court's failure to comply with the Rules of Criminal Procedure.

Pennsylvania Rule of Appellate Procedure 302 provides that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. In order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice post-verdict motions are required. *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981) (*en banc*); *see also* Pa.R.Crim.P. 86 & Comment; Pa.R.Crim.P. 1123. In the present case, no post-verdict motions were filed. We do not, however, find waiver on this basis because the trial court failed to inform appellant of his right to file post-verdict motions as required by Pa.R.Crim.P. 1123(c). *Commonwealth v. Picker,* 293 Pa. Super. 381, 439 A.2d 162 (1981); *Commonwealth v. Koch, supra.*

Additionally, we note that the trial court improperly pronounced verdict and sentence simultaneously by a written order made subsequent to the cónclusion of the *de novo* trial. As a result, appellant was effectively precluded from filing post-verdict motions because post-verdict motions are to be filed within ten days of the entry of verdict and *before* sentencing. Although the proper procedure in this case would have been for appellant to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions, we shall not fault appellant for his failure to do so in light of the trial court's own failure to appraise appellant of his right to file post-verdict motions. *See Commonwealth v. Ivey,* 307 Pa.Super. 274, 453 A.2d 349 (1982); *Commonwealth v. Picker, supra.* Thus, we find that the failure to file post-verdict motions is excused.

The effective denial of an opportunity to have post-verdict motions considered is not rendered harmless by the filing of a Pa.R.A.P. 1925(b) statement and a Pa.R.A.P. 1925(a) opinion. As this Court stated in *Commonwealth v. Picker, supra:*

This, however helpful, is certainly not an adequate substitute for the filing of post-verdict motions because the latter ask the lower court to *reconsider* its decision in light of alleged errors whereas the former simply requires the court to *justify* and articulate the reasons for its decision. This distinction is crucial in light of the fact that one of the main purposes for requiring post-verdict motions is to give the lower court an opportunity to correct asserted errors at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts. See *Commonwealth v. Koch,* 288 Pa.Superior Ct. at 296, 431 A.2d at 1055. In *Koch,* we stated that '[t]he purpose of such motions is twofold: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey,* 249 Pa.Superior Ct.

1, 375 A.2d 727 (1977).' While a concise statement of matters complained of on appeal may narrow the issues for review, it does not allow the lower court the opportunity to correct its errors because the notice of appeal has already been filed and the lower court is thereby divested of jurisdiction to act further on the case. Pa.R.App.P. 1701(a).

439 A.2d at 163–4 (emphasis in original); *see also Commonwealth v. Ivey, supra,* 453 A.2d at 350.

Finally, we note that the complex issue raised by appellant in its brief was summarily dismissed by the trial court in one sentence. The trial court did not articulate any reasons for its decisions, nor did it direct this Court to any part of the record where a more complete analysis was set forth. *See* Pa.R.A.P. 1925(a). The deficiency in this respect, however, is rendered moot by our decision that post-verdict motions *nunc pro tunc* must be permitted.

Accordingly, the judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc* within ten days of the filing of this order. Jurisdiction is relinquished.

OLSZEWSKI and HESTER, JJ., concur.

OLSZEWSKI, Judge, concurring:

I agree with the disposition reached by the panel in this case but write separately to emphasize that we are extremely mindful of the problems of the trial judge who, when confronted with a substantial summary conviction list, must, pursuant to Pa.R.Crim.P. 1123(c), advise each defendant of his right to file post-verdict motions, and consequently reschedule sentencing of each defendant pending disposition of these motions. We have no alternative, however, but to follow *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987), which holds that the requirements of Rule 1123 must be observed.

The difficulty with the instant case is that defense counsel failed to file the appropriate motion for reconsideration

of the sentence and instead immediately appealed the judgment of sentence. Had defense counsel filed a motion to reconsider sentence with the trial court, the need for the instant appeal may have been obviated.

In conclusion, we note that this is an area which merits special attention by the Pennsylvania Supreme Court or the Pennsylvania legislature. Consideration should be given to the trial judge who is forced, under current rules and practice, to reschedule for sentencing each defendant who wishes to file post-verdict motions. A trial judge faced with a docket crowded with summary convictions would be able to dispose of these cases more expeditiously if he were permitted to sentence defendant directly following the verdict, with both the verdict and judgment of sentence being subject to challenge by defendant thereafter.

HESTER, Judge, concurring:

The disposition of this appeal is controlled by this Court's opinion in *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987), which mandates that the provisions of Rule 1122 of the Pa.R.Crim.P. be followed by the courts of common pleas in the disposition of appeals from summary convictions. We have no choice but to remand to permit appellant to file post trial motions.