610 A.2d 529

**Joseph SLOMNICKI, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 28, 1992.

Decided May 27, 1992.

Joseph Slomnicki, pro se appellant.

Robert G. Borgoyn, Jr., Asst. County Sol., for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Joseph Slomnicki appeals a decision of the Court of Common Pleas of Allegheny County convicting him of violating Article VI of the Allegheny County Health Department Rules and Regulations. We vacate the decision and remand this case to the trial court for proper instructions and the opportunity to re-file post-verdict motions nunc pro tunc.

The Allegheny County Health Department (county) conducted an inspection of property owned and rented by Slomnicki on April 12, 1990. The county found violations of Article VI, "Houses and Rooming Houses," and notified Slomnicki that the violations were to be corrected by May 21, 1990.

Slomnicki failed to make the corrections, and the county filed a criminal complaint on June 13, 1990. The Housing Court of the City of Pittsburgh conducted a hearing on July 7, 1990, and upon finding Slomnicki guilty, fined him $250. On February 6, 1991, the Housing Court found Slomnicki guilty of a second criminal count, and fined him $101.50. Default on the payment of fines would result in "imprisonment of not less than ten (10) days nor more than thirty (30) days." Allegheny County Health Department Rules and Regulations § 664(a).

Slomnicki appealed *pro se* the summary conviction of the second criminal complaint to the Court of Common Pleas of Allegheny County, which conducted a de novo hearing on April 30, 1991. The trial court found Slomnicki guilty and

fined him $360. Slomnicki filed a motion for arrest of judgment, but the trial court denied the motion when Slomnicki failed to appear at the time the case was called.

Slomnicki now raises a multitude of issues, but the only issue this court needs to address at this time is whether the trial court properly advised Slomnicki of his rights pursuant to Pa.R.Crim.P. No. 1123(c):

Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal.

The transcript of the de novo hearing concludes as follows:

THE COURT: This court will adopt the recommendation of the $360 fine in this case and I so find that you are guilty and subject to the fine of $360. You have ten days to file exceptions.

(Whereupon the hearing concluded)

In *Commonwealth v. Williams,* 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981), involving a summary offense, the appellant did not allege that the trial court failed to comply with Pa.R.Crim.P. No. 1123(c). Nevertheless, the court noted that the record did not indicate that the trial court had informed the appellant of his right to file post-verdict motions, of the consequences of his failure to do so, and of his right to counsel for the filing of such motions and on appeal. The Superior Court, recognizing the confusion that existed among the members of the practicing bar and the judiciary concerning the applicability of Rule 1123 to summary convictions, noted that "many judges who regularly preside over de novo proceedings in summary conviction cases render verdict and sentence at the same time, thereby failing to advise the defendants of his

1123 rights." *Williams,* 290 Pa.Superior Ct. at 161, 434 A.2d at 180.

In *Commonwealth v. Cox,* 319 Pa.Superior Ct. 194, 465 A.2d 1296 (1983), also involving a summary offense, the Commonwealth conceded that the appellant was never informed of her right to file post-verdict motions. The trial court held a de novo trial, found the appellant guilty, and immediately imposed sentence. The Superior Court, citing *Williams,* held that the record must contain a rule 1123 colloquy because Pa.R.Crim.P. No. 1123(c) requires the court to inform the defendant of the right to file post-verdict motions and the right to the assistance of counsel.

Although Slomnicki did file a motion for arrest of judgment, the record does not indicate that Slomnicki was advised of his Rule 1123(c) right to the assistance of counsel to file post-verdict motions.

Accordingly, we must vacate the trial court's decision and remand the case to the trial court with a direction that Slomnicki be fully advised in accordance with Pa.R.Crim.P. No. 1123(c), including his right to assistance of counsel for the purpose of filing post-verdict motions nunc pro tunc.

### ORDER

NOW, May 27, 1992, the order of the Court of Common Pleas of Allegheny County, dated April 30, 1991, at No. SA 614 of 1991, is vacated, and this case is remanded to the trial court with a direction that Slomnicki be fully advised in accordance with Pa.R.Crim.P. No. 1123(c), including his right to assistance of counsel for the purpose of filing post-verdict motions nunc pro tunc.

Jurisdiction relinquished.