Commonwealth *v.* Miller, Appellant.

Argued March 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Donald H. Hamilton,* for appellant.

*Edward D. McLaughlin,* with him *Rosemary C. McMunigal* and *Raymond R. Start,* District Attorney, for appellee.

PER CURIAM, April 14, 1953:

Defendant was arrested and charged with a violation of an ordinance of Bethel Township, Delaware County, Pennsylvania, relating to house trailers. After hearing before a justice of the peace, he was summarily convicted of the offense and sentenced to pay a fine and costs. Within five days thereafter he filed in the Court of Quarter Sessions of Delaware County a petition praying for the allowance of an appeal from the judgment of the justice of the peace. The court entered an order allowing the appeal. After a hearing, the court dismissed the appeal: "And now, December 31st 1951, it is ordered and decreed that the appeal of Thomas R. Miller be, and the same is hereby, dismissed." The defendant has appealed.

On appeal from the judgment of a justice of the peace in summary conviction proceedings, the judgment of the court of quarter sessions, following the trial, should be "guilty" or "not guilty." *Com. v. Peacock*, 118 Pa. Superior Ct. 168, 179 A. 907. It is the duty of the court to try the case de novo, to hear the evidence and arguments of counsel, to find the facts *and thereupon to enter such judgment as would be warranted under the law and the evidence. Com. v. Brann,* 78 Pa. Superior Ct. 345. A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal is not sufficient, and will be reversed. *Com. v. Brann,* supra; *Com. v. Congdon,* 74 Pa. Superior Ct. 286; *Com. v. Oliver,* 77 Pa. Superior Ct. 580; *Com. v. Benson,* 94 Pa. Superior Ct. 10; *Com. v. Sesso,* 95 Pa. Superior Ct. 552; *Manorville v. Flenner,* 84 Pa. Superior Ct. 246.

In *Manorville v. Flenner,* supra, 84 Pa. Superior Ct. 246, 249, we stated: "Upon the allowance of the appeal the proceeding is properly lodged in the court of quarter sessions and should be disposed of by the definite judgment of that tribunal. The court has no authority to return the proceeding to the magistrate for purposes of execution. This marks the difference between such a proceeding as that with which we are now dealing and the result obtained by writ of certiorari issued out of the court of common pleas. The failure to observe this difference resulted in the making of the order, above quoted, which is now assigned for error. This record does not really disclose any definite judgment of the court of quarter sessions; in order to find out what the appellant must do, if that judgment should be sustained, we must go to the record of the magistrate. We have repeatedly held that the order entered by the court below is not such a judgment as the law contemplates, in cases of this character. The

record must, therefore, be remitted for further proceedings."

The judgment dismissing the appeal is reversed, and the record is remitted to the court below with direction to hear the case and enter such judgment as the law and the evidence require.