430 A.2d 319

**COMMONWEALTH of Pennsylvania**

v.

**Edward GIGLI, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed May 22, 1981.

Jay S. Nedell, Erie, for appellant.

348

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

This case comes before us in a hopeless procedural snarl. In early 1977, appellant, then living in Erie County, Pennsylvania, applied for the position of volunteer fireman. On April 4, 1977, during a routine background check occasioned by the application, it was discovered, through the National Crime Information Computer, that a person bearing appellant's name had been charged in Wisconsin with theft by fraud. A complaint charging him with being a fugitive from justice was sworn in Erie County on April 12, and he was arrested the next day. The court below held an extradition hearing on July 7, 1977. The only witness was the local police officer who had arrested appellant in Pennsylvania. At the conclusion of that hearing, the court below directed appellant's counsel to file a brief, on the issue of identification of appellant as the person sought by the Wisconsin authorities, within five days. The court stated, on the record, that he would "make a ruling" on that issue following the Commonwealth's response. Appellant's brief was filed in the court below on July 11. The Commonwealth's brief, while not directly in response to appellant's (having been filed on July 8) was vaguely responsive to the issue. The court issued no ruling. On October 24, 1977, appellant filed, in the court below, a "Petition for Habeas Corpus, Appeal, Rehearing and Miscellaneous Extradition Relief." On November 10, the court denied the petition. Appellant filed a Notice of Appeal to the Superior Court on November 16, 1977.

The record shows that no action was taken on this case, by either party or by the lower court, until July 16, 1979. On that date, the court below held a second extradition hearing. The court ordered appellant extradited at the conclusion of the hearing, whereupon appellant immediately filed a second Notice of Appeal to this court (purporting to appeal the

purported order of July 16, 1979).[1] This court ordered extradition stayed pending disposition of the latter appeal.

■ Upon appellant's filing of his notice of appeal in November of 1977, the court below was bereft of power to proceed further in the matter. Pa.R.App.P. 1701(a). The actions taken by that court thereafter fell within none of the limited exceptions to this general rule, and were thus legal nullities. The hearing of July 16, 1979, the court's oral extradition order at the conclusion thereof, and appellant's notice of appeal filed that same day are legally of no effect. This court's stay of the lower court's extradition order is likewise ineffectual. We must, therefore, ignore all of the purported proceedings, orders and filings which took place after the filing of the first notice of appeal on November 16, 1977.

■ We shall not resolve the matter of the earlier appeal. The briefs of appellant and the Commonwealth to this court were filed pursuant to the second notice of appeal, and properly ought not to be considered.[2] The record shows,

1. Appellant's brief appears to assert that the court below promised to file an "Order or Opinion" regarding its denial of appellant's 1977 Petition for Habeas Corpus, et cetera, and that defense counsel and the assistant district attorney agreed, between themselves, that the assistant district attorney would ask the court below for an opinion.

The record shows that the lower court has never filed a written opinion regarding the 1977 order. There is no record evidence of any promises or agreements alleged in defense counsel's brief. "[W]e are bound to consider only those facts which are in the record, and may not consider those injected by the briefs...." *Interest of Carroll*, 260 Pa.Super. 23, 27 n.4, 393 A.2d 993, 994 n.4 (1978); *see Commonwealth v. Rini*, 285 Pa.Super. 475, 483, 427 A.2d 1385, 1388–1389 (1981). Appellant's claims, therefore, are of no moment, and will not be considered.

2. These briefs are, in any event, inadequate to permit resolution of the appeal on its merits. Although they attempt to discuss certain issues allegedly arising from the 1977 hearing, the briefs appear to consider the events of 1977 and of 1979 as an integrated sequence; consideration of the 1977 proceedings independent of any invalid acts is thus rendered impossible.

In addition, appellant's brief is not in compliance with the Pennsylvania Rules of Appellate Procedure, being in violation of the following:
A. Rule 2111(a)(2);

clearly, that, in the three and one half years since the filing of the first (and the only valid) notice of appeal, neither of the parties nor the court below has taken any action. Since the parties have, in all respects, failed to observe the Rules of Appellate Procedure in connection with that appeal, it must be dismissed.

The appeal filed July 16, 1979, is dismissed because invalid; the appeal filed November 16, 1977, is dismissed because of failure to comply with the Rules of Appellate Procedure.

B.  Rule 2115(a);
C.  Rule 2116(a);
D.  Rule 2117(c);
E.  Rule 2119(c) and (d);
F.  Rule 2153.

We call the attention of both parties to Pa.R.App.P. 2101, which provides:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.