466 A.2d 1091

COMMONWEALTH of Pennsylvania

.v.

Paul F. MORGENTHALER, Appellant.

Superior Court of Pennsylvania.

Submitted April 27, 1983.

Filed Oct. 14, 1983.

Michael Alan Klimpl, Doylestown, for appellant.

Thomas G. Mundhenk, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by the appellant, Paul F. Morgenthaler, from a *ruling* by the Court of Common Pleas of Bucks County, Criminal Division, "dismiss[ing]" a summary conviction entered against him by a District Magistrate for speeding. 75 Pa.C.S.A. § 3362. We reverse and remand.

■ After taking testimony and receiving evidence at the hearing *de novo* on the speeding violation, Judge Bortner stated in open court that appellant's "appeal [was] dismissed." (N.T. 3/5/82 at 23) Appellant has appealed from this March 25, 1982 *ruling*, which *all parties* concerned have erroneously captioned as an appeal from a "judgment of sentence." Although neither party has specifically questioned the jurisdiction of this Court on this

matter, the mere agreement of the parties will not vest jurisdiction where it otherwise should not be. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977); *Turner v. May Corp.,* 285 Pa.Super. 241, 427 A.2d 203 (1981). Moreover, the mere assertion of the appellant in his brief that jurisdiction is conferred on the Superior Court over this matter by reason of the Act of July 9, 1976, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 701 *et seq.,* is not dispositive of the question. Accordingly, we reach the appealability of the trial court's *ruling sua sponte. MacKanick v. Rubin,* 244 Pa.Super. 467, 473, 368 A.2d 815, 816 (1976); *Jones v. Crossgates, Inc.,* 220 Pa.Super. 427, 289 A.2d 491 (1972).

Recently, a panel of this Court was confronted with a precisely similar situation, and, in an Opinion authored by President Judge CERCONE, clearly stated:

"This Court has held repeatedly that in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas should be either "guilty" or "not guilty." As we wrote in *Commonwealth v. Carter,* 230 Pa.Superior Ct. 401, 403, 326 A.2d 530, 531 (1974):

A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal, is not sufficient and will be reversed. *Commonwealth v. Alton,* 209 Pa.Super. 168, 224 A.2d 792 (1966); *Commonwealth v. Young,* 184 Pa.Super. 658, 135 A.2d 774 (1957); *Commonwealth v. Miller,* 173 Pa.Super. 168, 96 A.2d 153 (1953).

Furthermore, an order adjudicating guilt must be entered, even though it is implicit in the lower court's actions and opinion that the court considered the evidence supportive of a finding of guilt. *Commonwealth v. Carter, supra; Commonwealth v. Wenyon,* 230 Pa.Superior Ct. 342, 326 A.2d 633 (1974)." (Footnote omitted)

*Commonwealth v. Gula,* 300 Pa.Super. 445, 446–47, 446 A.2d 938, 939 (1982).

Instantly, as in *Gula,* the trial court neglected to adjudicate the appellant "guilty" or "not guilty," as well as failing to enter a sentence for appellant's violation of the

Motor Vehicle Code. Therefore, in compliance with the dictates of *Gula*, the trial court's *ruling* is reversed and the case is remanded with the direction to the trial court to enter a finding of guilty or not guilty, and if guilty to impose sentence. This Court does not retain jurisdiction.