488 A.2d 642

COMMONWEALTH of Pennsylvania, Appellee,

v.

Felix Berrios RIVERA, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 16, 1984.

Filed Feb. 22, 1985.

John D. Kuhn, Public Defender, Harrisburg, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH, WIEAND, McEWEN, CIRILLO, DEL SOLE, JOHNSON, POPOVICH and CERCONE, JJ.

PER CURIAM:

Felix Berrios Rivera was tried by jury and was found guilty of conspiracy, burglary, theft, robbery, and recklessly endangering another person as a result of the gunpoint theft of money and valuables from two women in Adams County. After post-trial motions had been denied, the trial court imposed a sentence of imprisonment for not less than four nor more than eight years. On direct appeal, Rivera raises two issues which require that we examine the complete trial record. A complete record, however, is not

available to us. The trial court, we are advised, has declined to order a transcript of the entire trial and has directed that only a portion thereof be transcribed. Because of this unsatisfactory state of the record, we are unable to conduct an adequate review. Therefore, we will remand to permit the trial court and the parties to complete the record by transcribing all testimony offered during trial.

The first issue raised by appellant is the alleged insufficiency of the evidence to sustain the conviction for recklessly endangering another person. The evidence, it is argued, does not disclose whether the gun was loaded. Appellant argues from this Court's decision in *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 395 A.2d 1337 (1978), which held that merely pointing an unloaded gun did not constitute reckless endangerment, that the Commonwealth's evidence failed to support a finding that he had recklessly endangered the victims of his crime. This contention, in view of our earlier decision, would appear to have arguable merit sufficient to require this Court's careful review of the evidence received at trial. The trial court rejected the argument because, it concluded, there was other evidence to support the jury's verdict. This conclusion was reached by the court "[a]fter reviewing our trial notes and the portion of the trial transcribed...." (Trial Court Opinion, p. 3). The trial court's notes, of course, are not available to this Court. The only portion of the trial which has been transcribed is the testimony of Kathy Laughman, an accomplice of appellant, who gave testimony as a Commonwealth witness. Her recollection of details was meager. No other testimony, not even that elicited from the victims, is before us. We have been advised by appellant's counsel that a request made to the trial court to direct transcription of the remaining portions of the trial was rejected.[1] Under these

1. The record discloses that the trial court initially ordered a transcript of the trial "beginning with the Court's charge to the jury." The record does not disclose why the testimony of the accomplice, Kathy Laughman, was also transcribed. Similarly, we are unable to confirm

circumstances, we will remand with instructions to the trial court to complete the record and return it to us for further review.

The same deficiency suggests that we also delay decision on appellant's second issue. The trial judge, when asked by the jury for additional instructions concerning the several definitions of robbery, told the jury that "there [was] no evidence in this case that could substantiate a finding of guilty of count 3." N.T., June 30, 1982, at 38. This count contained an accusation that appellant had violated 18 Pa. C.S. § 3701(a)(1)(v), which makes it a felony of the third degree if a person, during the course of committing a theft, "physically takes or removes property from the person of another by force however slight." The effect of this remark, the appellant contends, was to compel the jury, if it found that he had been one of the robbers, to convict him of violating 18 Pa.C.S. § 3701(a)(1)(ii) or (iv). The first of these subsections provides that a felony of the first degree has occurred if, in the course of a theft, the thief "threatens another with or intentionally puts him in fear of immediate serious bodily injury." The second subsection defines a felony of the second degree to occur when, during the course of a theft, the thief "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury."

Judge Johnson, writing in dissent, suggests that this issue is susceptible of decision upon the record now before us. A majority, however, is of the opinion that the parties and this Court will be better served by reserving decision until after a full and careful review has been made of a complete record of all evidence placed before the jury. The delay thus caused will not "reward" the defendant. Similarly, it will not serve to encourage laxity on the part of counsel. Neglect on the part of counsel has its own reward and can be dealt with by other means. Here, however, the efforts of counsel to complete the record were thwarted by

from the record the representation made by counsel at oral argument that the trial court rejected a request for a transcript of the entire trial.

the trial court which rejected a request for a full transcript and ordered that only a portion of the trial testimony be transcribed. Although we decry the delay caused by these circumstances, we are of the opinion that this Court will better be able to fulfill its reviewing responsibility by requiring a complete record of all the evidence presented at trial to determine whether it supports the verdict of the jury and the instructions delivered by the trial court.

Remanded with directions to the trial court to obtain and forward forthwith to this Court a full transcript of the trial. Meanwhile, jurisdiction is retained.

CIRILLO, J., filed a dissenting opinion.

JOHNSON, J., filed a dissenting opinion in which McEW-EN, J., joined.

CERCONE, J., did not participate in the consideration or decision of this appeal.

CIRILLO, Judge, dissenting:

I respectfully dissent. Pa.R.App.P. 2117(c)(4) provides that:

Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling of exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal.

Where the portions of the record relied upon under this subdivision are voluminous, they shall be included in an appendix to the brief, which may, if more convenient, be separately presented.

Pa.R.App.P. 2119(c) provides that:

*Reference to record.* If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument *must* set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the

matter referred to appears (see Rule 2132) (references in briefs to the record).

(Emphasis supplied).

These rules do not apply at the option of a party. If they did the consequence of non-compliance would be the result the majority suggests in this case. Whenever appellant deemed it beneficial to present a bald assertion of insufficiency of the evidence, or any other claim, the record and any reference to it would be omitted. The appellate court would be unable to rule in its absence and the case would be remanded for completion of the record without prejudice to appellant. This result would nullify the express mandate of the Pennsylvania Rules of Appellate Procedure.

In an analogous situation, President Judge Spaeth opined in *Commonwealth v. Rozanski*, 289 Pa.Super. 531, 546, 433 A.2d 1382, 1390, (1981) that:

Appellant also argues that the prosecutor engaged in inflammatory conduct by repeatedly playing the tape recording of appellant's message to St. Stephen's Church. Brief for appellant at 22. There is no merit to this argument either. As we have discussed, this evidence was properly admitted. *In any event, this objection has been waived because appellant has failed to cite to the record, advising us either at what point in the trial the asserted objectionable use of the evidence occurred, or in what manner his objection was preserved for appellate review. See,* Pa.R.A.P. 2117(c)(4).

(Emphasis supplied).

Likewise, in the instant case, appellant's failure to comply with Pa.R.App.P. 2117(c)(4) renders his objection waived.

In *Commonwealth v. Gigli*, 287 Pa.Super. 347, 350, 430 A.2d 319, 320 (1981) in a per curiam order of the Court, a panel which was comprised of President Judge Spaeth, Judge Wickersham, and Judge Lipez, appellant's brief was found to be inadequate for non-compliance with the rules of appellate procedure and the appeal dismissed. In cases

such as these, a remand would not be in the interest of *judicial economy.*

Appellant argued that the evidence was insufficient to support a conviction for recklessly endangering another, or simply that the weapon used during the commission of the crime was incapable of being fired. The argument made no reference to the record.

Where reference is made to the evidence, appellant *must* set forth at least a reference to the place in the record where the matter complained of appears, Pa.R.App.P. 2119(c), and show that the question was timely and properly raised in the trial court so as to preserve the question for review, Pa.R.App.P. 2117(c)(4). The burden is on the appellant to comply with the rules of procedure. If he chooses not to comply, he must accept the consequences of his voluntary non-compliance.

The second issue raised by appellant does not rely on an incomplete record. It concerns the charge to the jury and we find the contention to be without merit. The charge in question was followed by an unequivocal instruction that the jury was to make a factual determination as to the robbery. We would therefore affirm the trial court with respect to the second issue.

JOHNSON, Judge, dissenting:

I join in the Dissenting Opinion of my colleague, Judge Cirillo, and write separately to expand upon the reasons why I believe the judgment of sentence should be affirmed.

Appellant, Felix Berrios Rivera, raises two issues for our consideration, namely: (1) whether the trial judge committed reversible error, while giving the jury additional instructions, when he orally advised the jury that no evidence was presented by the Commonwealth that would warrant convicting appellant of robbery by physically removing property from the person of another; and (2) whether there was insufficient evidence to sustain appellant's conviction for recklessly endangering another person.

On December 28, 1981, three males and one female entered the home of Mrs. Maybelle Jacoby, while another male remained in a car outside. When inside, the foursome sought to rob the Jacoby safe. Two of the assailants took turns holding a rifle on Mrs. Jacoby and Mrs. Decker, a tenant from an apartment in the Jacoby home. When the foursome was unable to obtain the combination from Mrs. Jacoby, they tied up Mrs. Jacoby and Mrs. Decker. The foursome took various items of property from the Jacoby home and left.

Subsequently, the female assailant became a Commonwealth witness who identified appellant as one of the foursome. Appellant was tried before a jury. There were three counts of robbery filed against appellant. The first count was based on 18 Pa.C.S. § 3701(a)(1)(ii).[1] The second count was based on 18 Pa.C.S. § 3701(a)(1)(iv),[2] and the third count was based on 18 Pa.C.S. § 3701(a)(1)(v).[3] The court instructed the jury on the law of robbery. After having begun its deliberations the jury, on three occasions, asked for additional instructions on robbery. On the third occasion, when the jury requested instructions on robbery, count 3 only, the court gave the following additional instructions to the jury over the objection of defense counsel:

**1.** The pertinent portions of the Crimes Code definition of robbery are as follows:

**§ 3701 Robbery**
**(a) Offense defined.—**
    (1) A person is guilty of robbery if, in the course of committing a theft, he:

    .    .    .    .    .

    (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

    .    .    .    .    .

    (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;
    (v) physically takes or removes property from the person of another by force however slight.
18 Pa.C.S. § 3701(a) *et seq.*

**2.** See note 1 *supra.*

**3.** See note 1 *supra.*

I have told you that you are the sole judges of the facts in the case. That's why I have been a little reluctant to tell you this up until this point but obviously you're dealing with something that I feel in all fairness I must explain.

There is no evidence in this case that could substantiate a finding of guilty of count 3. The elements of that offense require the taking of property from the person of another. The section was added by the legislature in 1976, and it really covers purse snatching. There is no evidence in this case that anybody took anything from the person of either Miss Jacoby or the other lady.

However, if you disagree with my recitation of facts and if you find that there is evidence, and I again tell you that your finding of the facts is what governs and not mine. The elements are first of all that it must have been committed in the course of committing a theft. I have explained to you what that means. Theft is stealing. It's taking property of another without right, privilege, authority or consent with the intention of depriving the owner of it permanently. The taking must have been from the person of another, not from the room or the building. It must be taken from the person of another. It must have been in the possession of the person from whom taken and there must be some force employed however slight.

The legislature added [sic] that I might tell you because the act of taking a purse from a persons [sic] hand does not require much force. That's the significance that that particular crime was meant to cover. I wasn't going to tell you this, but I guess it's time to tell you.

N.T., Court's Charge, June 30, 1982, at 38 and 39. Five minutes after this instruction the jury returned a verdict of guilty of robbery, based on count 1, burglary,[4] theft by unlawfully taking property worth $200 or more,[5] conspir-

4. 18 Pa.C.S. § 3502.
5. *Id.* §§ 3902, 3921.

acy [6] and recklessly endangering another person.[7] Appellant was not found guilty of the robbery, count 3. Appellant filed post-verdict motions, which were denied. Appellant was sentenced to imprisonment of not less than four (4) nor more than eight (8) years. This appeal followed.

Relying upon *Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977) and *Commonwealth v. Archambault*, 448 Pa. 90, 290 A.2d 72 (1972) for support, appellant argues that the trial judge improperly invaded the province of the jury when he stated that there was insufficient evidence to convict appellant of robbery, count 3. I do not agree.

In *Commonwealth v. Archambault, supra*, the trial judge, during his charge, told the jury that he thought "it would be a miscarriage of justice to find [the] defendant not guilty." Finding the strongly worded opinion of the trial judge to have been of such coercive influence upon the jury that other instructions given during the lengthy charge about the jury's role as the final arbiter of the facts and the verdict were unable to vitiate the impact of the trial judge's opinion statement, it was held that the trial judge's opinion improperly invaded the province of the jury. In *Commonwealth v. Whitfield, supra*, the Supreme Court, citing *Archambault*, held that a trial judge's statement that the defendant was "guilty of murder or he [was] not guilty of any kind of unlawful homicide" improperly invaded the province of the jury to determine the degree of the defendant's guilt.

To determine whether in the instant case the trial judge's additional instructions invaded the province of the jury, we must examine the instructions as a whole, and it is the general effect of the instructions that controls our determination. *Commonwealth v. Whiting*, 501 Pa. 465, 462 A.2d 218 (1983).

The trial judge stated to the jury that no evidence was presented that would justify the jury in finding appellant

6. *Id.* § 903.

7. *Id.* § 2705.

guilty of robbery count 3. His comment related strictly to the state of the factual evidence presented at trial. It was not coercively phrased as was the opinion statement in *Archambault.* It did not imply or indicate that appellant was more appropriately found guilty of another offense or grade of robbery based on the evidence the jury had before it. More importantly, the trial judge, immediately after commenting on the lack of evidence, instructed the jury that it was free to disagree with his recollection of the evidence and that its recollection controlled over his. Consistent with this instruction the trial judge then reiterated the law regarding robbery count 3.

Although the trial judge's statements reflected his opinion that appellant should be acquitted of robbery count 3 because of insufficient evidence, they were immediately followed by an unequivocal instruction that the jury was the final arbiter of the facts and that its decision was determinative. This instruction clearly conveyed to the jury that it could disagree with the trial judge and return a verdict of guilty on robbery count 3. The trial judge reinforced the effect of this instruction by reiterating the law regarding count 3. Thus, the impact of the trial judge's comments as to the lack of evidence was immediately and unequivocally offset by the trial judge himself. *See e.g., Commonwealth v. Whitfield, supra; Commonwealth v. Bennett,* 471 Pa. 419, 370 A.2d 373 (1977) (where the trial judge may express an opinion that the evidence does not support a voluntary manslaughter verdict as long as he instructs the jury *inter alia* that the jury is not bound by his comments on the evidence because the jury is the sole arbiter of the facts). Viewing the additional instructions as a whole, I conclude that the overall effect of the trial judge's comments did not invade the factfinding function of the jury.

Appellant also argues that his conviction for recklessly endangering another person was founded on insufficient evidence that he possessed the actual present ability to place Mrs. Jacoby and Mrs. Decker in danger of death or serious bodily harm. He maintains that the evidence

presented at trial failed to show that the rifle employed during the incident was loaded, as is required by our decision in *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 395 A.2d 1337 (1978). Admitting that no direct evidence was presented to show the rifle was loaded, the trial court in its opinion rejected appellant's argument citing, as circumstantial evidence of the actual present ability to inflict harm, the testimony of Mrs. Jacoby that one of her assailants, other than appellant, asked in a serious manner whether he should kill Mrs. Jacoby and Mrs. Decker. In this appeal, the Commonwealth relies upon this position of the trial court. Because of inadequacies in the record, the majority would remand for completion of the record. Hence this dissent.

The record certified to this court did not contain a complete transcript of testimony from appellant's trial. Only a partial transcript containing the testimony of appellant's female accomplice, Kathy Laughman, was transmitted to this court.[8] Her testimony did not refer to the question the trial court relied upon in its opinion; nor did it provide an independent basis for concluding that appellant possessed the actual present ability to inflict harm. The testimony of Mrs. Jacoby is not part of the record transmitted to this court. As Judge Cirillo correctly observes, it is not our obligation to complete the record, but rather that of appellant.

Since there is no showing of record that appellant was prohibited from securing a transcript of the testimony at trial, and since the second issue, relating to the alleged invasion of the jury's province by the judge during his charge, is answered by the record before us, I would affirm the judgment of sentence. Hence, this dissent.

8. Submission of a partial transcript of testimony to this court is permissible under Pa.R.A.P. 1922(b)(2) and Pa.R.Crim.P. 9030(b). The record does not indicate at whose behest the court reporter transcribed only part of the trial record, containing the testimony of Kathy Laughman.