524 A.2d 933

**COMMONWEALTH of Pennsylvania**

v.

**Joseph RAGOLI, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 1987.

Filed April 13, 1987.

392

John Elash, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County adjudging the appellant, Joseph Ragoli, guilty of defiant trespass. We reverse.

The facts, viewed in a light most favorable to the verdict-winner, reveal that, at approximately 8:43 p.m. on the 20th of March, 1984, University of Pittsburgh Security Officer Albert M. Fink received a call from a fellow employee, Officer Harris, that an unauthorized person had been seen entering Benalum Hall, a University building located in the Oakland section of the City.

When Officer Fink arrived on the scene, Officer Harris was in the lobby speaking to the appellant. Mr. Ragoli was asked whether he had any identification. He responded in the negative. When he was questioned as to his address, he told the officers he had none; "[h]e live[d] on the street." A check in the phone book disclosed that the appellant was not listed.

After the officers told the appellant that he would have to leave the building because it was closed to the public, he refused to do so, became belligerent and stated he did not have to exit the premises since he was allowed in the building. However, his efforts to establish the legitimacy of his presence by means of a phone call to a "professor" proved unsuccessful when no one answered his call. Without the appellant's ability to prove that he was licensed to be on the premises, either as a student, faculty member, staff member or by someone empowered to authorize entry, he was arrested and later charged by complaint with defiant trespass. See Pa.R.Crim.P. 65.

■ The appellant's sentence before the district magistrate (fine and costs totalling $140.00) was appealed, as permitted by Pa.R.Crim.P. 63(b)(3), to the Court of Common Pleas "for a trial de novo." The facts, as just recounted, were presented at a bench trial conducted on November 7, 1985. The court's verdict, however, was not entered until the following day, and then it came in the form of a typed

order in which the appellant was "adjudged Guilty of the offense of *CC 3503(b)(1)(i)* as charged...." [1] In the same order, the court wrote that the appellant was "sentenced to pay the Fine and Costs imposed by the Issuing Authority." The order also made reference to, inter alia, the suspension of the sentence imposed pending the filing and disposition of post-verdict motions. [2] Counsel for the appellant, in addi-

1. At the de novo trial, the court permitted the Commonwealth to present evidence regarding an identical charge brought against the appellant by the University of Pittsburgh docketed at No. SA 799 of 1984. This incident occurred on May 9, 1984. However, the record is devoid of any evidence indicating that the appellant was ever found guilty of this charge or that a sentence was ever imposed. (Record No. 2) Further, the appellant's notice of appeal lists the charge at No. SA 777 of 1984 as the only one which is being contested. (Record No. 1) Thus, our review is limited to the offense referred to at No. SA 777 of 1984.

2. The entire order, which appears to be a standardized form, reads:

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

NO. SA _____ 777 _____ 19 84

JOSEPH REGOLI

### ORDER OF COURT

AND NOW, this __8TH__ day of __NOVEMBER__ 19 85,
after hearing, the Defendant is adjudged Guilty of the Offense of
___CC 3503 (b)(a)(ii)___ as charged and is sentenced to pay
the Fine and Costs imposed by the Issuing Authority.

YOU HAVE THE RIGHT TO FILE WRITTEN MOTIONS FOR A NEW TRIAL
AND IN ARREST OF JUDGMENT WITHIN TEN (10) DAYS IN ACCORDANCE WITH
RULE 1123 OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE.

Only the grounds contained in such motions may be raised
on appeal to the Appellate Court.

You have the right to the assistance of counsel in filing
the aforesaid motions; and if you cannot afford counsel, the Court
will appoint counsel for you.

The sentence herewith imposed is suspended pending the
filing and disposition of motions. If no motions are filed, you
have 30 days from this date to appeal to the Intermediate Appellate
Division if you so desire.

Notices sent

ORIGINAL CONVICTION

DATE 6-5-84

CHARGE CC 3503

CITATION NO. _____

BY THE COURT:

Per Curiam

Dauber J

Certified from the Record

_____ Prothonotary

_____ Deputy

(2)

At this time, we would point out that the procedure employed by the court below in imposing sentence prior to the disposition of post-verdict motions is in contravention of settled practice in this area of procedural law.  See Comment to Pa.R.Crim.P. 1123, which reads: Post-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence.  See Judicial Code, 42 Pa.C.S. §§ 102, 722, 742, 5105(a).  See also, *Commonwealth v. Bolden,* 472 Pa.Super. 602, 373 A.2d 90 (1977).

tion to the appellant himself, filed post-verdict motions which were denied by order dated February 25, 1986. A motion for reconsideration of the February 25th order was filed, but the record does not disclose whether it was ever disposed of by the trial court.

The next document of record is the appellant's notice of appeal. It was being taken from the order of the trial court dated February 25, 1986 "reimposing" the November 8, 1985 "Judgment of Sentence", which was suspended during the ruling on post-verdict motions. The appeal was remanded upon the Superior Court's grant of the appellant's counsel's petition to withdraw. Jurisdiction was retained. New counsel was appointed and the appeal raised the sufficiency of the evidence and the trial court's alleged error in excluding deposition evidence.

Before we can address the merits of the appellant's claims, we must, as is our right and obligation, determine whether the case is properly before us for review. See *Commonwealth v. Lewis*, 288 Pa.Super. 198, 431 A.2d 357 (1981). This is so despite the absence of any objection from either party to the litigation. See *Commonwealth v. Morgenthaler*, 320 Pa.Super. 120, 466 A.2d 1091 (1983); *Com-*

The implementation by the court below of a procedure ostensibly at odds with accepted practice created the anomalous situation in which once the sentence was "imposed" (the validity of which is discussed infra), the appellant had thirty (30) days therefrom to perfect an appeal. See Pa.R.App.P. 903(a). Yet, the court below attempted to avoid this result by "suspending" sentence pending the filing and disposition of post-verdict motions.

The procedural confusion generated by this anomaly is evident from the caption appearing on the face of the appellant's counsel's brief to this Court indicating that the appeal is from "an Order 12/25/86 denying Appellant's Motion to Reconsider his original Post Trial Motions". No such appealable order exists, and, more properly, the action should have been styled as from the November 8, 1985 judgment/order imposing sentence. See note 7, infra. In fact, this is what did transpire with prior counsel's notice of appeal to this Court. (Record No. 9)

In the future, to avoid this procedural entanglement which does little to advance the interests of the judiciary and the litigants, the disposition of post-verdict motions must precede the imposition ("suspended" or otherwise) of the judgment of sentence. See *Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982); *Commonwealth v. Williams*, 290 Pa.Super. 158, 434 A.2d 179 (1981).

*monwealth v. Williams,* 290 Pa.Super. 158, 434 A.2d 179 (1981).

This case is mired in a procedural quagmire that necessitates a re-capitulation of this Court's position regarding procedural due process.

■ To begin with, in criminal law, an appeal is to be taken from the judgment of sentence and not an order denying either post-verdict motions (see *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A.2d 244 (1951)), or the reconsideration of the same, the latter of which is foreign to the Rules of Appellate Procedure when it comes to perfecting an appeal therefrom.

Next, we observe that the appellant's appeal from the district magistrate's finding of guilty entitled him to a full panoply of procedural rights, first enunciated by this Court in *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981) to apply to appeals of summary convictions to the Court of Common Pleas for a de novo trial. See also Comment to Pa.R.Crim.P. 86 ("The Rules of Criminal Procedure are applicable generally to these [summary judgment] proceedings."). This translates into an explanation of one's post-verdict rights as set forth in Pa.R.Crim.P. 1123,[3] which

3. It reads in relevant part:

**Rule 1123. Post-Verdict Motions**

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions that are stated specifically and with particularity may be argued or heard. If the grounds asserted do not require a transcript, neither the filing, argument, nor hearing of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the ten (10) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that

in this case are even more extant because we are dealing with an appeal of a misdemeanor of the third degree that carried with it a potential upon conviction of a fine ($2,500) and imprisonment (one year).[4] See *Koch,* supra. Additionally, compliance with Pa.R.Crim.P. 1405 ("Sentencing Proceeding") was required. Nonetheless, neither Rule was adhered to by the trial court despite the provisions in the Rules indicating otherwise.

■ For example, Rule 1405 itemizes those requirements which *must* be met at the time set for sentencing; namely:

At the time of sentencing, the judge shall:

(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing;

(b) state on the record the reasons for the sentence imposed;

(c) advise the defendant on the record:

(1) of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed *in forma pauperis* and to be provided free counsel;

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

(3) of the ten (10) day time limit within which such motions must be filed;

waiving of post-verdict motions shall preclude raising on appeal any issues which might have been raised in such motions.

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal.

4. See 18 Pa.C.S. §§ 3503(b)(1)(i), 1101 & 1104.

(4) that the defendant is entitled to be represented by counsel in preparing and litigating such motions; and

(5) that only claims raised in this court may be raised on appeal;

(d) require that a record of the sentencing proceedings be made and preserved so that it can be transcribed as needed. The record shall include:

(1) the record of any stipulation made at a pre-sentence conference; and

(2) a verbatim account of the entire sentencing proceeding.

A reading of the Rule discloses one salient point, i.e., everything which occurs in respect to the sentencing proceeding must be of record; *this means in open court.* Such a practice has been woven into our judicial system not only to afford the defendant the opportunity to question the proceedings, but it avails the appellate courts the advantage to assess any claims of error (be they related to pre-trial, trial, post-trial or sentencing) from a fully developed record and dispenses with a needless remand. See *Commonwealth v. Rivera,* 339 Pa.Super. 242, 488 A.2d 642 (1985) (en banc); Pa.R.App.P. 1926. To the same effect see Rule 1123, which, likewise, speaks in terms of the defendant being advised of his rights "on the record." *Commonwealth v. Picker,* 293 Pa.Super. 381, 439 A.2d 162 (1981).

Substitution for the Rules' "on the record" requirements cannot be had by resorting to an ex post facto document, form or opinion. See, e.g., *Commonwealth v. Mullen,* 321 Pa.Super. 19, 467 A.2d 871 (1983) (en banc; reasons for sentence must be given at the time of imposition and cannot be satisfied by subsequently written opinion to fill the void). Thus, the trial court's issuance of a sentence and the advisement of rights attendant thereto by means of a form document (see note 2, supra) were in derogation of Rules 1123 and 1405. To countenance such a practice, in the face of procedural rules and case law to the contrary, would be to look askance at the decisional law of this Commonwealth and, ultimately, invite mere lip-service to our Rules of

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Criminal Procedure. Compare *Vorhauer v. Miller,* 311 Pa.Super. 395, 457 A.2d 944 (1983) (Rules of Civil Procedure). This we cannot and will not do in the face of specifically designated procedural requirements imposed upon a judge. See *Picker,* supra; Comment to Rule 1405.

▉▉▉▉▉ The fact that the appellant was not present at trial, and we know he was not at the sentencing since none was held in open court, did not diminish the obligation of the court to see to it that a record was created that tracked the Rules of Criminal Procedure.[5] A record was created with regard to the trial, and properly done so with trial counsel's failure to object to his client's presence.[6] We see no reason why the sentencing could not have proceeded in the same fashion, given the noncapital nature of the offense (a misdemeanor). At 10A P.L.E. Criminal Law § 502 at 221 it is written:

> *Non-capital felony cases; waiver.* In non-capital felony cases, as in capital cases, the defendant has a right to be present at all stages of the proceedings. However, in non-capital cases the defendant may waive his right to be present.

This ability to conduct criminal matters in the defendant's absence has been codified at Pa.R.Crim.P. 1117(a), which provides:

5. We would analogize this to a situation where a defendant appeals from a district magistrate's adverse ruling *to* Common Pleas Court for a trial de novo. It cannot be seriously argued that a defendant's failure to appear at trial would entitle the prosecution to a conviction in the absence of its proving its case against the defendant by the production of testimonial and/or documentary evidence to prove guilt beyond a reasonable doubt. In other words, the trial court would be required to base its finding of guilty on *record* evidence presented in open court, and not merely enter a dismissal of the defendant's appeal for his failure to appear. *Commonwealth v. Kyle,* 307 Pa.Super. 446, 453 A.2d 668 (1982).

6. Cf. *Commonwealth v. Diehl,* 378 Pa. 214, 219, 107 A.2d 543, 545 (1954) ("... in a noncapital felony case where ... competent counsel for the defendant is present and he makes no request that his client also be present during the giving of additional instructions to the jury, the defendant's absence will be construed as a voluntary waiver of his right to be present.").

(a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

Therefore, based on the preceding, the defendant's abstention from the sentencing, like the trial, should not have impaired the court below from carrying on with the case. If this had occurred, the procedural underpinnings necessary to validate the order imposing sentence would have been met and the order entering sentence would have been legitimized. In its absence, however, we have a procedural vacuum not remedied by a sentence issued by order of court in circumvention of established rules.

■ Likewise, the sentence which appears in the appellant's case on "Civ Div Form 129" is unspecified; it was left by the trial court to the judgment of the "Issuing Authority", i.e., the district magistrate, to impose. This is unprecedented in light of the clear language by our Supreme Court in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and this Court in *Mullen*, supra, which stated in essence that the imposition of sentence must be accompanied by (contemporaneous) reasons and be of record. See *Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982).

Instantly, the court below has delegated, one may say, its statutorily created obligation to impose sentence. See 42 Pa.C.S. § 9721 ("In determining the sentence to be imposed the *court shall ... consider ...* alternatives, and may impose them consecutively or concurrently: * * * (3) Partial confinement. * * * (5) A fine." (Emphasis added)); cf. *Commonwealth v. Erb*, 286 Pa.Super. 65, 428 A.2d 574 (1981)(Duty of trial court to determine the ability of a defendant to pay restitution; it is a non-delegable duty). Stated differently, the record does not really disclose any definite judgment of the Court of Common Pleas; in order

to find out what the appellant must pay, we must go to the record of the magistrate. We have repeatedly held that the order entered by the court below is not such a judgment as the law contemplates, in cases of this type. See *Commonwealth v. Miller*, 173 Pa.Super. 168, 96 A.2d 153 (1953).

Therefore, if the sentence upon which the order appealed is suspect because of the stated irregularities in its imposition, the same order adjudging the appellant guilty is no less flawed. See *Commonwealth v. Young*, 184 Pa.Super. 658, 135 A.2d 774 (1957) (At a de novo trial from an appeal of a summary conviction, Court of Common Pleas should have made a "finding" that the defendant was guilty or not guilty and sentence then should have been entered). In order words, what we are left with is akin to a ruling by a trial court "dismissing" an appeal by a defendant of a summary conviction entered by a district magistrate where no entry of a finding of guilty or not guilty and the imposition of sentence were ever *properly* issued in open court and transcribed of record.[7]

What we stated in *Commonwealth v. Gula*, 300 Pa.Super. 445, 446–47, 446 A.2d 938, 939 (1982) is instructive to us here:

This Court has held repeatedly that in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas court should be either "guilty" or "not guilty." As we wrote in *Commonwealth v. Carter*, 230 Pa.Superior Ct. 401, 403, 326 A.2d 530, 531 (1974):

A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal, is not sufficient and will be reversed. *Commonwealth v. Alton*, 209 Pa.Super. 168, 224 A.2d 792 (1966); *Commonwealth v. Young*, 184 Pa.Super. 658, 135 A.2d 774

---

7. The issue of the propriety and manner in which the sentence was imposed is one which may be raised sua sponte by an appellate court. See *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983); *Commonwealth v. Williams*, 290 Pa.Super. 158, 434 A.2d 179 (1981).

(1957); *Commonwealth v. Miller,* 173 Pa.Super. 168, 96 A.2d 153 (1953).

Furthermore, an order adjudicating guilt must be entered, even though it is implicit in the lower court's actions and opinion that the court considered the evidence supportive of a finding of guilt. *Commonwealth v. Carter, supra; Commonwealth v. Wenyon,* 230 Pa.Superior Ct. 342, 326 A.2d 633 (1974).

At bar, consistent with the precepts referred to in *Gula,* we find that the trial court's adjudging the appellant guilty [8] and imposing sentence via the "Issuing Authority" are contrary to the accepted manner and method of accomplishing both, as has developed in this Commonwealth.

Accordingly, we reverse the order of the trial court dated November 8, 1985 [9] and remand with directions that the trial court enter a finding of guilty or not guilty in accordance with accepted practice in this Commonwealth, and, if the verdict is guilty, to impose sentence as more fully detailed in the body of this opinion. Jurisdiction is not retained by this Court.

MONTGOMERY, J., concurs in the result.

BROSKY, J., files a dissenting statement.

8. In a jury trial, the verdict is to be announced by the foreman in open court. See 10A P.L.E. Criminal Law § 751. We see no reason why the same procedure cannot be followed by the trial court in a de novo trial from a district magistrate's judgment of sentence, allowed by Pa.R.Crim.P. 86. The verdict can be recorded by the court stenographer and later formally reduced to judgment by "being spread on the record." This will assure that one's rights to procedural and substantive due process are followed, and, if disputed, subject to attack on appeal after the submission of post-verdict motions preserving the claim for appellate review.

9. As made mention of earlier, the appellant's trial counsel perfected an appeal "from the Judgment of Sentence entered on the 8th day of November, 1985". (Record No. 9) The fact that our decision concludes that the "order of court", which was issued on November 8th, is flawed does not detract from the fact that the *central* ruling proffered for our review relates specifically to the said judgment/order of November 8th.

BROSKY, Judge, dissenting:

I cannot join in the majority opinion based upon the decision of our Supreme Court in *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975), holding that this court cannot *sua sponte* address any issue not raised in the trial court. The issue here addressed by the majority—the procedural irregularity of adjudication of guilt and simultaneous pronouncement of sentence—has not been properly preserved for our review because it was not raised below and briefed to this Court. "Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy." *Id.,* 461 Pa. at 485, 337 A.2d at 57.

My examination of the record discloses properly preserved issues which appellant presents to our Court for review. These are: (1) whether the verdict was against the weight of the evidence;[1] and (2) whether the court erred in not allowing the defense to enter a deposition taken previous to trial. In my view, these issues should be addressed on the merits.

For the above reasons, I dissent.

---

1. Appellant couches his first issue in boilerplate style on appeal; however, the allegations in his post-verdict motion meet the specificity threshold of our decision in *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983).