527 A.2d 158

**COMMONWEALTH of Pennsylvania**

v.

**Helmut W. BRINSA, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1986.

Filed June 12, 1987.

Michael K. Drapkin, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Comm., appellee.

Before MONTEMURO, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County, later reduced to judgment of sentence, finding the appellant, Helmut W. Brinsa, guilty of the summary offense of leaving the scene of an accident (75 Pa.C.S. § 3743). We reverse.

Following the appellant's conviction of the offense stated and the imposition of sentence ($300.00 fine and $25.50 in costs for prosecution) by the district magistrate, a timely

appeal to the Common Pleas Court was perfected in accordance with Pa.R.Crim.P. 86(a).

At the January 16, 1986 trial de novo, the arresting officer and the appellant presented conflicting versions of the most appropriate location the appellant's vehicle could have pulled off the road without obstructing traffic—the officer stated: at the site of the accident; the appellant testified: ½ mile down from the accident. No verdict was entered at the conclusion of the trial. Rather, the trial court adjudged the appellant guilty of violating § 3743(a) by order dated January 21, 1986. This "form" document also advised the appellant, purportedly through the mail since no sentencing proceeding is recorded to have occurred, of his post-trial rights under Pa.R.Crim.P. 1123(a) & (c) and suspended the sentence imposed by the district magistrate, which appears to have been adopted by the trial court as its own without specific mention as to the amount involved or the reasons for doing so as required by Pa.R.Crim.P. 1405.

It is obvious from the record before this Court that no sentencing proceeding was conducted in open court; nor was the appellant advised of his Rule 1123 rights in the same forum.

Because of the procedural irregularities which prompted this Court to reverse and remand in *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 524 A.2d 933 (1987) (Opinion by Popovich, J., with Montgomery, J., Concurring in Result and Brosky, J., dissenting), which plague this case as well, we will apply the same remedy here as we did in *Ragoli*.

In particular, the July 1, 1986 order of the Court of Common Pleas of Allegheny County, which activated the "suspended" judgment of sentence of January 1, 1986, is reversed and the case is remanded "with directions that the trial court enter a finding of guilty or not guilty in accordance with accepted practice in this Commonwealth, and, if the verdict is guilty, to impose sentence as more fully detailed in the ... [*Ragoli*] opinion. Jurisdiction is not

retained by this Court." Id., 362 Pa.Superior Ct. at 402, 524 A.2d at 939.

MONTGOMERY, J. concurs in the result.