528 A.2d 995

**COMMONWEALTH of Pennsylvania,**

v.

**Frank R. ZOKAITES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 6, 1987.

Filed July 21, 1987.

Elaine V. Preston, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before KELLY, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County finding the appellant, Frank R. Zokaites, guilty of the summary offense of passing a school bus stopped with its red lights flashing. We reverse.

On January 19, 1984, the appellant was issued citations for disorderly conduct (18 Pa.C.S. § 5503(a)(2) & (3)) and overtaking a school bus when its red signals were flashing (75 Pa.C.S. § 3345(a)).

After a preliminary hearing in which the district magistrate found that the prosecution had established the appellant's guilt as to both charges, an appeal to the Court of Common Pleas was perfected by the appellant pursuant to Pa.R.Crim.P. 63(b)(3). At the trial de novo, the officer issuing the citations on the complaint of a Ms. Priscilla Schneider testified as to the events surrounding the charges. Ms. Schneider also testified.

The appellant took the stand and refuted the facts concerning his circumvention of a school bus while its lights were flashing to indicate that children were boarding.

No verdict was entered in open court by the trial judge at the completion of the May 29, 1986 trial. Rather, a "form" order of court was issued on may 30, 1986 adjudging the appellant guilty of violating 75 Pa.C.S. § 3345(a). The fine and costs imposed were deferred to those issued by the district magistrate. Thus, no amount was fixed on the face of the order. Also, the order proceeded to advise the appellant of his Pa.R.Crim.P. 1123 rights, his right to the assistance of counsel, that the sentence imposed was being "suspended" pending the filing of post-trial motions and

that the accused had 30 days from the date of the order to file an appeal if no motions were submitted on his behalf.[1]

Hand-written post-trial motions seeking an arrest of judgment were filed on June 9, 1986. Oral argument followed and resulted in the denial of said motions by order dated September 24, 1986.

A notice of appeal from the September 24th order was initially filed with Commonwealth Court before being transferred to this Court for disposition.

Before addressing the merits of the issues raised, and as a condition precedent to scrutinizing the claims sought to be reviewed, we deem it necessary to examine whether certain procedural due process requirements were adhered to by the trial court.

To start with, the manner in which the trial court issued its verdict, i.e., by "mail order", renders suspect the appealability of the order in question.

For instance, the *record* does not reveal what was the judgment of the Court of Common Pleas. We must sift through the records to ascertain by inference that the fine imposed by the district magistrate is to be substituted for the penalty imposed. This practice has been condemned as not being such a judgment that the law contemplates in cases of this genre. See *Commonwealth v. Miller*, 173 Pa.Super. 168, 96 A.2d 153 (1953).

Accordingly, the case, not having a formerly entered "verdict" and/or "judgment" as contemplated by our case law and Rules of Criminal Procedure (e.g., 1405 and 1123), must be remanded for further proceedings, id., the substance of which is more fully articulated in the plurality opinion of this Court in *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 524 A.2d 933 (1987).

---

1. By separate order of even date, the appellant was found not guilty of disorderly conduct.

We reverse the "mail" order of the court below and remand for proceedings consistent with the dictates of *Ragoli.*[2] Jurisdiction is not retained.

**2.** We note that the order adjudging the appellant guilty is identical in form and content, save for the name of the accused and offense for which he was found guilty, as that disapproved by this Court in *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987).