**Purcell BRONSON, Appellant**

v.

**John KERESTES, Jeffrey A. Beard, Brenda L. Tritt, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 2012.

Filed March 21, 2012.

Purcell Bronson, appellant, pro se.

Raymond W. Dorian, Mechanicsburg, for appellees.

BEFORE: STEVENS, P.J., PANELLA, J., and STRASSBURGER, J.*

PER CURIAM:

Appeal quashed. Jurisdiction relinquished.

STRASSBURGER, J., files a concurring and dissenting opinion.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J:

While I agree with the Majority that Bronson's appeal contains substantial defects and as a consequence we are precluded from conducting meaningful appellate review, I respectfully disagree with the procedural disposition of the Majority in its decision to quash the appeal.

It is true that Pa.R.A.P. 2101, effective July 1, 1976, adopted a laissez-faire approach to the question of whether an appeal should be quashed or dismissed. That Rule states

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit[;] otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be **quashed** or **dismissed.**

Pa.R.A.P. 2101 (emphasis added).

Admittedly, in a number of cases this Court has not distinguished between quashal and dismissal. *See Branch Banking & Trust v. Gesiorski,* 904 A.2d 939

(Pa.Super.2006) (this Court quashed the appeal of *pro se* litigants as the numerous defects in brief prevented the court from conducting meaningful review); *Commonwealth v. Greenwalt,* 796 A.2d 996, 997 (Pa.Super.2002) (the Court was unable to conduct meaningful judicial review where "[w]ith the exception of what purports to be a statement of the case and an attached trial court opinion, Appellant has failed to meet any of the requirements specified in Rule 2111. Appellant's brief contains nothing more than a list of facts presented in the light most favorable to her."; appeal quashed); *Smathers v. Smathers,* 448 Pa.Super. 162, 670 A.2d 1159 (1996) (handwritten, pro se brief contained only a lengthy unorganized section entitled "Facts and Statements" and one very brief section called argument, which contained no citation to cases or statutes; appellant failed to identify clearly or develop any issues on appeal; appeal quashed); *Commonwealth v. Maris,* 427 Pa.Super. 566, 629 A.2d 1014 (1993) (Court expressed willingness to construe liberally pro se materials, but defendant was not entitled to special treatment by virtue of lack of legal training; violations of appellate rules precluded court from conducting meaningful appellate review; so appeal was quashed); *Tandon v. Tandon,* 256 Pa.Super. 596, 389 A.2d 208 (1978) (one sentence *per curiam* dismissal citing Rule 2101); *Commonwealth v. Gigli,* 287 Pa.Super. 347, 430 A.2d 319 (1981) (appeal dismissed because of failure to comply with the Rules of Appellate Procedure); *Karn v. Quick & Reilly Inc.,* 912 A.2d 329 (Pa.Super.2006) (this Court dismissed appeal due to the substantial briefing defects in Appellant's brief, which hampered our ability to conduct meaningful appellate review).

Nonetheless, our Supreme Court in *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593,

---

* Retired Senior Judge assigned to the Superior Court.

782 A.2d 996 (2001) has made the distinction:

> Quashal is usually appropriate where the order below was unappealable, *see Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981) (court lacks jurisdiction-appeal interlocutory), the appeal was untimely, *see Stotsenburg v. Frost*, 465 Pa. 187, 348 A.2d 418 (1975), or the Court otherwise lacked jurisdiction, *see* Pa.R.C.P. 1972. Rule 1972(7) also permits, as a disposition without reaching the merits, a party to move to quash "for any other reasons on the record." Quashal is not proper here. Clearly, a judgment of *non pros* dismissed with prejudice is a final, appealable order because it fully disposes of the case. *See* Pa.R.A.P. 341(b)(1) ("A final order is any order that: disposes of all claims and of all parties [.]"). Moreover, the appeal was timely filed, the Superior Court had jurisdiction over the appeal, and appellant does not articulate any other ground for quashal under Rule 1972(7). Accordingly, we conclude that quashal is inappropriate; the proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised.

*Id.* at 1001 n. 3.

When the factors mentioned in *Sahutsky* that resulted in quashal are not present, as in the instant case where the problem is numerous defects in Appellant's brief, the appropriate disposition is dismissal. *See First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 138 n. 2 (Pa.Super.1997) (Failure to conform with the requirements of rules of court is grounds for dismissal).

Accordingly, I respectfully dissent to quashing rather than dismissing.