J-A29020-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

THE ESTATE OF DOROTHY E. BOYER,   :      IN THE SUPERIOR COURT OF
CLIFFORD P. BOYER AND RUBY KAY  :          PENNSYLVANIA
JOHN, CO-EXECUTORS, AUDREY C.    :
COOPER, JUDITH A. BOYER, CAROL    :
R. MCCULLOUGH, JOSEPH G. BOYER,  :
CLIFFORD P. BOYER, RUBY KAY       :
JOHN, GRETA M. EDMONDS AND JILL  :
R. JOHNSTON,                     :
                                 :
             Appellees      :
                                 :
              v.           :
                                 :
MARK C. BOYER,              :
                                 :
             Appellant      :      No. 77 WDA 2014

Appeal from the Order Entered December 18, 2013,
in the Court of Common Pleas of Clarion County
Civil Division at No(s): 883 CD 2012

BEFORE:  DONOHUE, ALLEN, and STRASSBURGER,* JJ.

DISSENTING STATEMENT BY STRASSBURGER, J.:**FILED OCTOBER 10, 2014**

I agree with the Majority that Appellant waived all issues on appeal by failing to file post-trial motions.  However, in my view, under such circumstances, this Court should not quash an appeal; rather, it should affirm the order from which the appellant appeals.  Consequently, I respectfully dissent.

I acknowledge that this Court often quashes appeals when an appellant waives all appellate issues by failing to file post-trial motions.  However, this Court also will affirm the order from which the appellant appeals when the same oversight occurs.  ***See***, ***e.g.***, ***Treasure Lake***

* Retired Senior Judge assigned to the Superior Court.

***Property Owners Ass'n, Inc. v. Meyer***, 832 A.2d 477 (Pa. Super. 2003) (affirming an order where the appellants waived all issues for failing to file post-trial motions following a trial based upon stipulated facts).

As I observed in ***Bronson v. Kerestes***, 40 A.3d 1253, 1255 (Pa. Super. 2012) (Strassburger, J., concurring and dissenting), our Supreme Court has explained that "[q]uashal is usually appropriate where the order below was unappealable, the appeal was untimely, or the Court otherwise lacked jurisdiction[.]"[1]  Appellant's failure to file post-trial motions results in the waiver of all issues on appeal; it does not deprive this Court of jurisdiction.  Consequently, I believe the proper result in this case is to affirm the trial court's order.  ***See***, ***e.g.***, ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222 (Pa. Super. 2014) (*en banc*) (affirming a trial court's order where the appellant waived all issues on appeal by failing timely to file a Pa.R.A.P. 1925(b) statement).

For these reasons, I would affirm the trial court's order.

---

[1] Appellant's appeal arguably is premature, as the trial court's decision was not reduced to judgment.  However, I agree with this Court's policy to overlook such a procedural misstep in order to promote judicial economy. ***Randt v. Abex Corp.***, 671 A.2d 228, 230 (Pa. Super. 1996).