J-S60036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PILAWSKI, | : | |
| | : | |
| Appellant | : | No. 3606 EDA 2015 |

Appeal from the Judgment of Sentence November 2, 2015,
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0000276-2012
CP-09-CR-0001181-2014
CP-09-CR-0004986-2013

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED OCTOBER 19, 2016**

David Pilawski (Appellant) appeals from the judgment of sentence imposed on November 2, 2015, following revocation of his parole at CP-09-CR-0000276-2012 (276-2012) and CP-09-CR-0001181-2014 (1181-2014), and the revocation of his probation at CP-09-CR-0004986-2013 (4986-2013).  We quash this appeal and remand for further proceedings.

The revocation court aptly set forth the relevant factual and procedural history of this matter as follows.

[276-2012]

> On March 9, 2012, [Appellant] pled guilty [at 276-2012] to retail theft and receiving stolen property after his arrest on November 11, 2011 for stealing baby formula from the

---

* Retired Senior Judge assigned to the Superior Court.

Genuardi's Supermarket in Middletown Township, Bucks County, Pennsylvania. He was sentenced to 18 months of probation, to be served consecutively to a prior sentence of probation he had received.

On September 10, 2012, [Appellant] was found to have violated his probation, which was thereafter revoked. He was resentenced to another 18 months of probation, to be again served consecutively to a prior sentence of probation he had received under Bill No. 3489 of 2011.

On October 30, 2013, pursuant to a stipulated violation of probation, [Appellant's] probation previously granted on September 10, 2012 was revoked, and he was resentenced to one year of probation. This probation was again to be served consecutively to the previous sentence he received under Bill No. 3489 of 2011.

On May 15, 2014, [Appellant] was again found to have violated his probation, which was again revoked, and he was sentenced to undergo incarceration in the Bucks County Correctional facility ("BCCF") for not less than 1 year minus one day nor more than 2 years minus one day.

On November 2, 2015, pursuant to an agreement [Appellant] entered into with the Commonwealth prior to the bench warrant proceeding, [Appellant] was found to be in violation of his parole granted under the sentence issued on May 15, 2014, and he was sentenced to serve his backtime of 9 months 13 days, concurrent to the sentences he was serving under Bill Nos. 4986 of 2013 and 1181 of 2014.

[4986-2013]

On October 3, 2013, [Appellant] pled guilty to retail theft, after he and an accomplice were arrested on June 28, 2013 for stealing Similac baby formula from the Toys R Us store in Langhorne, Bucks County. [Appellant] received a sentence of two (2) years of probation for that conviction.

On May 15, 2015, [Appellant] was found to be in violation of that probation. His probation was revoked, and he was resentenced to four (4) years of probation, to be served

- 2 -

concurrently with his sentences of probation under Bill Nos. [276-2012] and 1181 of 2011.

On November 2, 2015, pursuant to another agreement [Appellant] entered into with the Commonwealth prior to the bench warrant proceeding, [Appellant] was found to be in violation of that probation, which was thereafter revoked, and he was resentenced to undergo incarceration in a state correctional institution in a therapeutic community for not less than two (2) nor more than four (4) years.

[1181 -2014]

On May 2, 2014, [Appellant] pled guilty to simple assault and harassment after his arrest for assaulting another inmate in a holding cell at the BCCF on January 7, 2014. On May 15, 2014, [Appellant] was sentenced to undergo imprisonment at the BCCF for not less than 1 year minus one day nor more than 2 years minus one day. On August 1, 2015, he was granted parole from that sentence.

On November 2, 2015, pursuant to a third agreement [Appellant] entered into with the Commonwealth prior to the bench warrant proceeding, this court found [Appellant] in violation of his parole, which was thereafter revoked, and he was sentenced to serve the remaining backtime of nine (9) months and thirteen (13) days.

**On November 10, 2015, the Bucks County Public Defender's Office filed on behalf of [Appellant] a Motion for Appointment of Private Counsel and a Motion to Withdraw Admission of Violation of Parole and/or Probation and for Reconsideration of Sentence. In the latter motion, [Appellant] "asked to withdraw his admission that he was in violation of his probation and parole and asked for reconsideration of his sentences because he claims he did not knowingly, intelligently, and voluntarily waive his rights, did not fully understand the proceeding, and did not have counsel." Motion, 11/10/15.**

On November 19, 2015, an order was issued by the Honorable Wallace H. Bateman, Jr., granting the motion for appointment of private counsel.

- 3 -

> **On December 1, 2015, an order was issued which scheduled a hearing on [Appellant's] motions for December 15, 2015.**
>
> **On December 2, 2015, [Appellant's] court-appointed private counsel filed a notice of appeal from the judgment of sentences issued on November 2, 2015, and the hearing scheduled for December 15, 2015 was cancelled.**

Revocation Court Opinion, 3/31/2016, at 1-3 (emphasis added, footnotes and unnecessary capitalization omitted).

Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925. On appeal, Appellant raises two issues for our review.

1. Did the [revocation court] err in finding that [Appellant's] waiver of his right to revocation hearings and/or his admission to the violations alleged in support of the request to violate his probation and parole was knowingly, intelligently and voluntarily made?

2. Did the [revocation court] err in finding that [Appellant's] waiver of his right to revocation hearings before the judge who received [Appellant's] pleas of guilty at the time of the initial disposition of the underlying cases and his right to have sentence imposed after such revocation by the judge who received [Appellant's] pleas of guilty was knowingly, intelligently and voluntarily made?

Appellant's Brief at 3.

Before we may address Appellant's substantive issues, we must first determine whether we have jurisdiction over this appeal. Neither party has raised this issue; however, it is well-settled that this Court may raise the issue of our jurisdiction *sua sponte*. **See e.g., Commonwealth v. Morganthaler**, 466 A.2d 1091, 1092 (Pa. Super. 1983).

- 4 -

As a general rule, this Court has jurisdiction over only final orders. ***Commonwealth v. Rojas***, 874 A.2d 638 (Pa. Super. 2005). In criminal cases, a direct appeal lies from the judgment of sentence. ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa. Super. 2007). Where a defendant timely files a post-sentence motion, the lower court shall decide the motion within 120 days of the filing; otherwise, the motion shall be deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a). However, where, as here, an appellant files a notice of appeal before the lower court has ruled on his post-sentence motion, the judgment of sentence has not become "final," and any purported appeal will be interlocutory and unreviewable. ***Commonwealth v. Borrero***, 692 A.2d 158 (Pa. Super. 1997) (evaluating the appealability of a judgment of sentence where notice of appeal was filed before appellant's timely post-sentence motions were affirmatively ruled on or denied by operation of law).

Instantly, Appellant's post-sentence motion was filed on November 10, 2015. The revocation court never ruled on this motion. New counsel filed a notice of appeal on December 2, 2015, well before the expiration of the 120-day period and while Appellant's motion was pending. The revocation court cancelled the scheduled post-sentence motion hearing without ruling on the motion. Further, the clerk of courts has not entered on the docket an order denying the post-sentence motion by operation of law. Under such circumstances, we conclude that the instant notice of appeal is premature.

Accordingly, we quash this appeal and remand for the revocation court to consider the post-sentence motion *nunc pro tunc*. **Borrero**, 692 A.2d at 161.

Appeal quashed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016